**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9         IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   ORVILLE MEAUX,                          No. C 05-3733 CW

13          Plaintiff,
                                             ORDER GRANTING
14      v.                                   DEFENDANT
                                             EDMUNDSON'S MOTION
15   NORTHWEST AIRLINES, INC.; ERIC          TO DISMISS
     EDMUNDSON, individually and as an
16   employee of Northwest Airlines,
     Inc.,; PROFESSIONAL FLIGHT ATTENDANTS
17   ASSOCIATION; and DOES 1- 20,
     Inclusive,
18
            Defendants.
19
     _____/
20

21        Defendant Eric Edmundson moves to dismiss all claims against

22   him, or, in the alterative, to stay them pending the resolution of

23   the bankruptcy proceeding of Defendant Northwest Airlines, Inc.

24   Plaintiff Orville Meaux opposes this motion.  The matter was heard

25   on April 28, 2006.  Having considered all of the papers filed by

26   the parties and oral argument on the motion, the Court grants

27   Defendant Edmundson's motion.

28

BACKGROUND

In June, 2004, Plaintiff filed a complaint against Defendant Northwest and Does 1 through 10 in San Francisco Superior Court. The complaint alleged causes of action for breach of an implied-in-fact contract, breach of the implied covenant of good faith and fair dealing, violation of Title VII of the 1964 Civil Rights Act and violation of California's Fair Employment and Housing Act (FEHA). According to Plaintiff, Defendant Northwest harassed, discriminated against, disciplined and, on January 26, 2004, terminated him without cause, because of his race. Plaintiff also alleged that he was retaliated against for engaging in protected activity, namely, previously filing a discrimination suit against Defendant Northwest. Although Defendant Edmundson was not named as a defendant, Plaintiff alleged that "Eric Edmundson was a Base Administrator for defendant, plaintiff's supervisor, and an agent and or employee of defendant Northwest Airlines, Inc., and in doing the acts complained of herein was acting in the course and scope of his capacity in such agency or employment." Bowman Dec., Ex. A ¶ 8.

Defendant Northwest removed Plaintiff's complaint to this Court, where it was assigned number C 04-4444 CW. Defendant Northwest filed a motion to dismiss Plaintiff's contract claims on the ground that they were preempted by the Railway Labor Act (RLA), 45 U.S.C. § 151. Before the motion was heard, Plaintiff stipulated to dismiss his contract claims. Plaintiff filed his Amended Complaint for Damages and Injunctive Relief for Employment Discrimination. After Defendant Northwest filed its answer, a case

2

management conference was held and deadlines were set: additional parties or claims were to be added by March 4, 2005; dispositive motions were to be heard by September 30, 2005.

No additional parties were added.  Defendant Northwest noticed its motion for summary judgment to be heard on September 30, 2005. Plaintiff's opposition was due on September 9, 2005, but he failed to file an opposition or a statement of non-opposition.

On September 14, 2005, Defendant Northwest filed a highly publicized bankruptcy petition.  On September 15, 2005, Plaintiff filed this complaint against Defendant Northwest,[1] Defendant Edmundson and the Professional Flight Attendants Association, without filing a notice of related cases pursuant to Local Rule 3-12.[2]  He brought claims for violations of the RLA, wrongful discharge in violation of public policy and breach of the implied covenant of good faith and fair dealing.  Unlike his first complaint, this complaint did not allege employment discrimination, but the facts in the two complaints are largely the same.  Both cases stem from Plaintiff's discipline and termination that related to a customer complaint.  This case was originally assigned to Judge Illston.

On September 20, 2005, due to Plaintiff's failure to file an

---

[1]On February 3, 2006, Plaintiff filed a notice that he had not served Defendant Northwest with the summons and complaint because it had filed for bankruptcy and thus Plaintiff's action against it was automatically stayed pursuant to section 362 of the Bankruptcy Code.

[2]Local Rule 3-12 provides that when a party knows or learns that an action is, or may be, related to a action already pending in this district, that party must promptly file a notice of related cases.

United States District Court

For the Northern District of California

3

opposition to Defendant Northwest's motion for summary judgment in
the first case, this Court issued an order vacating the September
30, 2005 hearing and requiring Plaintiff to show cause why his case
should not be dismissed for failure to prosecute.  On September 27,
2005, the Court issued an order, in light of Defendant Northwest's
bankruptcy, conditionally closing the case and vacating the order
to show cause.

In March, 2006, after Defendant Edmundson filed this motion to
dismiss, he filed a motion to relate Plaintiff's cases.  On
March 28, 2006, the Court signed the Related Case Order, and this
case was reassigned to the undersigned.

LEGAL STANDARD

A motion to dismiss for failure to state a claim will be
denied unless it is "clear that no relief could be granted under
any set of facts that could be proved consistent with the
allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th
Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506
(2002).  All material allegations in the complaint will be taken as
true and construed in the light most favorable to the plaintiff.
NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

A complaint must contain a "short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R.
Civ. P. 8(a).  "Each averment of a pleading shall be simple,
concise, and direct.  No technical forms of pleading or motions are
required." Fed. R. Civ. P. 8(e).  These rules "do not require a
claimant to set out in detail the facts upon which he bases his
claim.  To the contrary, all the Rules require is 'a short and

4

plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. <u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading.  <u>Id.</u> at 296-97.

DISCUSSION

Defendant Edmundson argues that Plaintiff's claims against him are void because they violate the bankruptcy stay and are barred by the rule against claim splitting.  He further argues that he cannot be individually liable as a matter of law for any of Plaintiff's asserted claims; that Plaintiff has failed to identify a public policy in his claim for wrongful discharge; and that Plaintiff's claims for wrongful discharge and breach of the covenant of good faith and fair dealing are preempted by the RLA.

I.  Bankruptcy Stay

Defendant Edmundson argues that Plaintiff's complaint against him should be dismissed because, like the second-filed complaint in

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

Bihari v DDJ Capital Management, 306 B.R. 336 (E.D. Cal. 2004), it
is merely an attempt to avoid the bankruptcy stay issued in
Plaintiff's first action.  In Bihari, the plaintiff filed a
complaint against his employer alleging that he had not been
compensated for his overtime work.  While that action was pending,
the employer filed a bankruptcy petition, resulting in a stay of
the action.  The plaintiff then filed a new complaint against the
employer's shareholders, directors and officers, again alleging
that he was not compensated for overtime work.  Id. at 337.  After
reviewing the two complaints, the court found that the plaintiff's
second complaint was "an attempt to avoid the stay issued in the
first action."  Id. at 338.  Because there was such identity
between the employer and the defendants in the second action, the
court further found that the employer was the real party defendant
in the second action and thus a judgment against its shareholders,
directors and officers would, in effect, be a judgment or finding
against the employer.  Allowing the second action to proceed would
defeat the purpose of a bankruptcy stay, and thus the court found
the second complaint violated the stay and was void.  See id. ("The
law in this circuit is that violations of the stay are void.")
(quoting In re Schwartz, 954 F.2d 571, 574 (9th Cir. 1992)).  The
action was dismissed with prejudice to amending the complaint in
the second action, but without prejudice to the plaintiff's pursuit
of his claims in the bankruptcy litigation and in the first action.

     Defendant Edmundson notes that, although the claims in the
two suits may not be the same, Plaintiff's claims in the second
suit arise out of the same set of facts as those in the first suit.

He argues that the present case closely parallels <u>Bihari</u> and thus Plaintiff's claims again him should be dismissed.  Plaintiff's attempt to distinguish <u>Bihari</u> because, here, Defendant Edmundson is a "mere employee" is not convincing.  As Defendant Edmundson notes, the authorities cited in his moving papers do not turn on the rank of the individual defendants, but rather on the identity of the interests between them and the debtor corporation.  Defendant Edmundson was a manager, who, Plaintiff alleged in his first action, was acting in the course and scope of his employment; a judgment against Defendant Edmundson could be a judgment against Defendant Northwest.

It may not be as clear as it was in <u>Bihari</u> that Plaintiff's filing of the second action was solely an attempt to avoid the stay.  Plaintiff notes that Defendant Northwest did not serve notice of the bankruptcy until five days after he filed his second complaint.  Regardless of when Plaintiff was served official notice of the bankruptcy, Plaintiff's filing of this action the day after Defendant Northwest filed for bankruptcy was a violation of the bankruptcy stay.  Plaintiff does not deny knowing that Defendant Northwest filed for bankruptcy the day before he filed this action. Nor does he explain why he did not oppose the summary judgment motion in the first action.  He does not explain why he missed the March 4, 2005 deadline to add parties or claims in his first action and why he filed another action, instead of seeking leave to amend his complaint to add additional parties.  Because Plaintiff's filing of this action violated the bankruptcy stay, that filing is

void and the claims against Defendant Edmundson are dismissed.
<u>Bihari</u>, 306 B.R. at 339.

II.  Claim Splitting

Defendant Edmundson also argues that the second suit, which names him, is barred by the rule against claim splitting.  As noted above, both actions arise from Plaintiff's discipline and termination by Defendant Edmundson; the same underlying facts support the claims in both actions.

Plaintiff does not deny that he split his claims.  Rather he points out that the "doctrine against splitting a cause of action is, in part, a rule of judicial economy that is imposed in particular cases as a matter of discretion.  It can be waived." <u>In re Wilson</u>, 104 B.R. 303, 304 (E.D. Cal. 1989).  Plaintiff further notes that a court has discretion to order consolidation, pursuant to Federal Rule of Civil Procedure 42, instead of dismissal.  And he requests that the Court consolidate his two cases for purposes of trial and judgment.  But Plaintiff's argument, that consolidation is appropriate because dismissal of this case would be an unwarranted remedy for a "technical error in pleading," is not persuasive.

The court in <u>Wilson</u> did not consolidate the plaintiff's two actions because factors in the case made it "inconvenient or inappropriate to consolidate." <u>Id</u>. at 305.  In dismissing the duplicative action, the court noted, "The doctrine against splitting applies with its greatest force where, as in the case at bar, multiple lawsuits on the same cause of action are pending in

8

the same court simultaneously." Id.  Defendant Edmundson contends
that is the case here.  He points to factors in this case that make
consolidation inappropriate: the deadline to add parties or claims
in Plaintiff's first case was March 4, 2005 and, instead of seeking
leave to amend his complaint, Plaintiff just filed another action;
had Plaintiff timely brought Defendant Edmundson into the first
case, Defendant Northwest's bankruptcy stay may have extended to
Plaintiff's entire claim.  While Defendant Edmundson notes factors
that make consolidation inappropriate, Plaintiff fails to provide
any factor that would make dismissal inappropriate.  Plaintiff's
unexplained abandonment of his first action and then subsequent
bringing of this action based on the same underlying facts as the
first action is not, as Plaintiff contends, a technical error in
pleading.  Like in Wilson, the factors in this case make
consolidation inappropriate.  The Court finds that Plaintiff's
claim-splitting provides another reason to dismiss the claims
against Defendant Edmundson.

III.  Defendant Edmundson's Remaining Arguments

      Because the Court grants Defendant Edmundson's motion to
dismiss based on the two grounds discussed above, the Court need
not discuss Defendant Edmundson's remaining arguments.[3]

---

[3]The Court, however, notes that Plaintiff's claim for breach
of the implied covenant of good faith and fair dealing is preempted
by the RLA.  See, e.g., Milne Employees Ass'n v. Sun Carrier, Inc.,
960 F.2d 1401, 1411 (9th Cir. 1992).  Plaintiff's claim for
wrongful termination also fails because Defendant Edmundson cannot
be held individually liable for Plaintiff's alleged termination in
violation of airline safety public policy.  See, e.g., Jacobs v.
Universal Development Corp., 53 Cal. App. 4th 692 (1997).

9

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Edmundson's motion to dismiss (Docket No. 25).  The Court dismisses with prejudice Plaintiff's claims against Defendant Edmundson in this action.  Thus, any claims against Defendant Edmundson in Plaintiff's amended complaint that Plaintiff is seeking leave to file are dismissed with prejudice.  This dismissal is without prejudice to Plaintiff's pursuit of his claims in the bankruptcy litigation or in the first action.

IT IS SO ORDERED.


Dated: 7/6/06

CLAUDIA WILKEN
United States District Judge

10