IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVILLE MEAUX,<br><br>        Plaintiff,<br><br>    v.<br><br>NORTHWEST AIRLINES, INC.; ERIC EDMUNDSON, individually and as an employee of Northwest Airlines, Inc.; PROFESSIONAL FLIGHT ATTENDANTS ASSOCIATION; and DOES 1- 20, Inclusive,<br><br>        Defendants.<br>_____/ | No. C 05-3733 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT |

Plaintiff Orville Meaux moves to amend his complaint. Defendant Professional Flight Attendants Association (PFAA) opposes the motion, arguing that Plaintiff's amendments would be futile. Having considered all of the papers filed by the parties, the Court grants Plaintiff's motion.

                             BACKGROUND

Plaintiff brings this motion to amend his complaint to assert

additional allegations, clarifying the basis for his claim against Defendant PFAA for breach of the duty of fair representation. New allegations include: Defendant PFAA failed and refused to conduct a reasonable and competent investigation or any investigations whatsoever as to the actual facts of Plaintiff's demotion and discharge; Defendant PFAA failed and refused to put forward any evidence supporting Plaintiff during the grievance process; Defendant PFAA failed and refused to interview critical witnesses who would have corroborated Plaintiff's version of key events.

In addition, the proposed amended complaint alleges claims against Defendant Eric Edmundson for retaliation under California's Fair Employment and Housing Act (FEHA) and for wrongful termination in violation of public policy based on FEHA. As explained in the Court's July 6, 2006 order granting Defendant Edmundson's motion to dismiss, however, any claims against Defendant Edmundson in Plaintiff's proposed amended complaint are dismissed with prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; DCD

2

1  Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

## DISCUSSION

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. But, as Defendant PFAA notes, "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); see also Newland v. Dalton, 81 F.3d 904, 907 (9th Cir. 1996) ("district courts need not accommodate futile amendments"). The Ninth Circuit instructs that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988); see also SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("an amendment is 'futile' only if it would clearly be subject to dismissal").

Defendant PFAA contends that Plaintiff's proposed amendments concerning his claim for breach of the duty of fair representation are futile for four reasons.

First, Defendant PFAA argues that the Court lacks subject matter jurisdiction over the amended claim for breach of the duty of fair representation because Plaintiff failed to exhaust

3

mandatory contractual remedies and thus his claim is preempted under the Railway Labor Act, 45 U.S.C. § 151.  As Plaintiff notes, however, the Supreme Court has held that a suit against a union for breach of its duty of fair representation is "not subject to the ordinary rule that administrative remedies should be exhausted before resort to the courts."  Czosek v. O'Mara, 397 U.S. 25, 27 (1970) (noting that the claim against a union for breach of its duty of fair representation is "a discrete claim quite apart from the right of individual employees expressly extended to them under the Railway Labor Act to pursue their employer before the Adjustment Board").  Indeed, the Supreme Court has stated that "where the courts are called upon to fulfill their role as the primary guardians of the duty of fair representation, complaints should be construed to avoid dismissals and the plaintiff at the very least should be given the opportunity to file supplemental pleadings unless it appears beyond doubt that he cannot state a good cause of action."  Id. (inner quotations omitted).  Defendant PFAA's first reason for why Plaintiff's amendments would be futile fails.

Second, Defendant PFAA argues that the amended breach of the duty of fair representation claim is futile because it is time-barred.  But a claim can be dismissed as time-barred only where it is evident on the face of the complaint that the claim is necessarily barred.  See, e.g., Mertens v. Hewitt Associates, 948 F.2d 607, 613 (9th Cir. 1991), aff'd, 508 U.S. 248 (1993) (dismissing "on statute of limitations grounds is improper where the complaint merely shows that the action may have been barred")

(inner quotation omitted). Here, it is not clear on the face of the complaint that Plaintiff's claim for breach of the duty of fair representation is time-barred. Defendant PFAA's exhibits, which support its argument that Plaintiff's claim is time-barred, were not considered by the Court; such exhibits are properly considered when included with summary judgment pleadings, not when included with an opposition to a motion to amend a complaint. Defendant PFAA's second argument that Plaintiff's amendments would be futile also fails.

Third, Defendant PFAA argues that the amended claim is futile because the amended complaint omits any cause of action claiming that Defendant Northwest Airlines, Inc. breached the collective bargaining agreement. According to Defendant PFAA, to bring a claim against it for breach of the duty of fair representation, Plaintiff must also bring a breach of contract claim against his former employer, Defendant Northwest. Defendant PFAA is incorrect. Defendant PFAA cites <u>Del Costello v. International Broth. of Teamsters</u>, 462 U.S. 151 (1983). Although the Supreme Court in <u>Del Costello</u> recognized that a plaintiff's claim against a union and his former employer are "inextricably interdependent," the Court also recognized that an "employee may, if he chooses, sue one defendant and not the other." 462 U.S. at 164-65. Defendant PFAA's third argument fails.

Fourth, Defendant PFAA argues that the amended claim for breach of the duty of fair representation is futile because it fails to plead facts sufficient to state a claim. Like Defendant PFAA's other arguments, this argument fails. The Ninth Circuit

5

holds that a "union breaches its duty of fair representation if it processes a member's grievance in an arbitrary or perfunctory manner. To comply with its duty, a union must conduct some minimal investigation of grievances brought to its attention." Tenorio v. NLRB, 680 F.2d 598, 601 (9th Cir. 1982). Plaintiff alleges facts in his amended complaint that, if proved, would constitute a valid and sufficient claim. For example, he alleges that Defendant PFAA failed and refused to investigate the facts relating to his demotion and discharge, failed and refused to obtain his entire personnel file, failed and refused to interview key witnesses that would have corroborated his version of events, and processed his grievance in a perfunctory fashion.

Plaintiff's amended claim for breach of the duty of fair representation is not clearly subject to dismissal; it is not futile. Nor is it brought in bad faith with undue delay. Defendant PFAA does not argue prejudice. DCD Programs, 833 F.2d at 186 (party opposing the motion bears the burden of showing prejudice). Therefore, the Court grants Plaintiff's motion for leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion To Amend Complaint (Docket No. 48). Plaintiff must file his proposed amended complaint within ten days of this order.

IT IS SO ORDERED.

Dated: 7/17/06

*/s/ Claudia Wilken*
CLAUDIA WILKEN
United States District Judge

6