IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVILLE MEAUX,<br><br>      Plaintiff,<br><br>  v.<br><br>NORTHWEST AIRLINES, INC.; ERIC EDMUNDSON, individually and as an employee of Northwest Airlines, Inc.; PROFESSIONAL FLIGHT ATTENDANTS ASSOCIATION; and DOES 1-20, Inclusive,<br><br>      Defendants.<br>_____/ | No. C 05-3733 CW<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR CLARIFICATION AND/OR FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION |

    Plaintiff Orville Meaux requests clarification of the Court's July 6, 2006 order granting Defendant Eric Edmundson's motion to dismiss and further requests leave to file a motion for reconsideration.  Defendant Edmundson opposes Plaintiff's requests, noting that the Court's order is clear and that Plaintiff's request for leave does not follow the dictates of Local Rule 7-9(b). Having considered all of the papers filed by the parties, the Court grants Plaintiff's request in part and denies it in part.

1    The Court's order is clear, but the Court will nonetheless
2 respond to Plaintiff's questions.  During the hearing on Defendant
3 Edmundson's motion to dismiss, the Court, as reported in the May
4 16, 2006 minute order, stated that it was inclined to grant the
5 motion with leave to amend.  Upon further review, however, the
6 Court determined that Plaintiff's filing of this action violated
7 the bankruptcy stay and, therefore, the filing was void.  The Court
8 found that Plaintiff's claim-splitting provided another reason to
9 dismiss the claims against Defendant Edmundson.  The Court
10 dismissed the claims against Defendant Edmundson without leave to
11 amend.  The final line of the Court's order states, "This dismissal
12 is without prejudice to Plaintiff's pursuit of his claims in the
13 bankruptcy litigation or in the first action."  Based on this final
14 line, Plaintiff seeks clarification of five questions.  The Court
15 will answer Plaintiff's questions:

16    Yes, Plaintiff may seek leave to amend the original action to
17 include causes of action against Defendant Edmundson.

18    Yes, Plaintiff should have timely moved to amend his original
19 complaint if he wanted to sue Defendant Edmundson.

20    No, the Court is not stating that, as a matter of law, the
21 automatic stay provisions of section 362 apply to Defendant
22 Edmundson.

23    No, the Court is not stating that, as a matter of law,
24 Defendant Edmundson is entitled to indemnity from Defendant
25 Northwest Airlines, Inc.

26    No, the Court is not stating that Defendant Edmundson, who is
27 a non-debter, currently has standing to claim the protection of the

2

1  bankruptcy court under section 362 for the protection of his
2  personal assets.
3      Plaintiff's request that the Court schedule a conference call
4  to provide clarification on these issues is denied.  A conference
5  call is unnecessary.
6      Plaintiff requests an order from the Court stating that he
7  may, if necessary, file a motion for reconsideration after
8  clarification of the Court's order, if any.  As Defendant Edmundson
9  notes, Plaintiff fails to satisfy any requirement listed by Civil
10 Local Rule 7-9(b).  He does not show that a material difference in
11 fact or law exists from that which was presented to the Court and
12 that he was unaware of such fact or law.  He does not show the
13 emergence of new material facts or a change in law occurring after
14 the Court's order.  Nor does he show a manifest failure by the
15 Court to consider material facts or dispositive legal arguments
16 which were presented to the Court.  Because Plaintiff's request for
17 leave to file a motion for reconsideration is not in accordance
18 with Civil Local Rule 7-9(b), it is denied without prejudice.

                                CONCLUSION

20     For the foregoing reasons, the Court GRANTS Plaintiff's
21 Request for Clarification of the Court's Order Granting Defendant
22 Edmundson's Motion to Dismiss and Request for Leave to File a
23 Motion for Reconsideration (Docket No. 62) IN PART and DENIES IT IN
24 PART.  The Court clarified its order and answered the questions
25 Plaintiff asked.  But Plaintiff's request for a conference call is
26 DENIED with prejudice and his request for leave to file a motion

3

for reconsideration is DENIED without prejudice.

IT IS SO ORDERED.

Dated: 8/11/06

_____
CLAUDIA WILKEN
United States District Judge